UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XIANG LI,

                            Plaintiff,

        v.                                       5:10-CV-0804
                                                                (LEK/GHL)

MICHAEL SEAN WEINSTOCK and
WONG, WONG AND ASSOCIATES PC,

                            Defendants.
_____

APPEARANCES

XIANG LI, 09450-068
Plaintiff, *pro se*
Northeast Ohio Correction Center
2240 Hubbard Road
Youngstown, OH 44505

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

     Presently before the Court is a *pro se* complaint and a renewed application to proceed *in forma pauperis* filed by Plaintiff Xiang Li.[1] Dkt. Nos. 1, 13. For the reasons that follow, I recommend that the complaint be dismissed with prejudice and the application be denied as moot.

## I.    The Complaint

     Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained before it may permit

---

[1] Plaintiff has filed numerous *pro se* actions in this District. *See Li v. Morrisville State College, et al.*, 5:07-CV-1302 (LEK-GHL) (appeal pending); *Li v. Iredell*, 5:10-CV-0799 (LEK-GHL) (pending); *Li v. Shelhamer, et al.*, 5:10-CV-0801 (LEK-GHL) (pending); *Li v. Duncan, et al.*, 5:10-CV-0802 (LEK-GHL) (pending); *Li v. Roberts, et al.*, 5:10-CV-0803 (LEK-GHL) (pending); *Li v. The Post Standard, et al.*, 5:10-CV-0805 (LEK-GHL) (pending).

a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

By way of background, Plaintiff was arrested for threatening faculty members at Morrisville State College, and after a jury trial was convicted of eleven counts of transmitting death threats in violation of 18 U.S.C. § 875. *See U.S. v. Li*, Case No. 5:07-CR-0272 (Dkt. No. 109) (sentencing Li to 114 months of imprisonment, restitution, and supervised release). Plaintiff's conviction was affirmed. *U.S. v. Li*, 381 Fed. Appx. 38 (2d Cir. 2010). Plaintiff filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Case No. 5:07-CR-0272 (Dkt. No. 131). The motion is pending.

In his complaint, Plaintiff alleges that he hired Michael Sean Weinstock, Esq., of Wong, Wong & Associates, to represent Plaintiff during his trial. Dkt. No. 1 at 1. Plaintiff asserts that Attorney Weinstock made "defamatory, slanderous, and false statements" to the jury and that those statements were later published in a newspaper. *Id.* Plaintiff states that he is suing Attorney Weinstock pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and New York state laws regarding defamation, slander, breach of fiduciary duties, intentional infliction of emotional distress, and prima facie tort. *Id.* at 1-2. Plaintiff also is suing Wong, Wong & Associates, alleging "negligent hiring, negligent retention, [and] negligent supervision." *Id.* at 2.

### A.  42 U.S.C. § 1983 and *Bivens*

Section 1983 provides, in relevant part:

Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

42 U.S.C. § 1983 (emphasis added).

A plaintiff cannot hold a defendant liable under § 1983 unless he can establish that the defendant acted under color of state law. *See* 42 U.S.C. § 1983; *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. § 1915(e). *See*, *e.g.*, *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the plaintiff failed to allege state action by defendants) (citations omitted).

Similarly, a *Bivens* claim is a judicially created cause of action that authorizes a plaintiff to recover money damages from federal actors who have deprived him of constitutional rights. *See Bivens*, 403 U.S. 388; *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). In most instances, *Bivens* claims are analogous to, and governed by the same standards as, § 1983 claims brought against state actors. *Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006) (noting that a *Bivens* action is the federal analog to claims against state actors brought under § 1983); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated Section 1983 law into *Bivens* actions.").

Here, it is clear that Attorney Weinstock is not a state actor. Defense attorneys - even if

-3-

court-appointed or public defenders - do not act under color of State law when performing traditional functions of counsel. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997). *See also Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994) ( "The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983."); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam). Thus, Attorney Weinstock, as a private attorney who performed traditional functions of counsel, is not a state actor.

Nevertheless, a private defendant may be held liable under Section 1983 for conspiring with a state actor to deprive a plaintiff of a constitutional right. *See*, *e.g.*, *Tower v. Glover*, 467 U.S. 914 (1984) (public defender who conspired with state officials held liable under Section 1983); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Here, there is no indication of such a conspiracy. Accordingly, I recommend that the alleged § 1983 and *Bivens* claims be dismissed with prejudice. *See Krug v. McNally*, 488 F. Supp. 2d 198, 200 (N.D.N.Y. 2007) (Kahn, J.) (holding that plaintiff's § 1983 claims failed because, *inter alia*, defendants were "clearly private attorneys, who served as privately-retained defense counsel"), *aff'd* 368 Fed.Appx. 269 (2d Cir. 2010).

**B.     Alleged State Law Claims**

Regarding the alleged claims of defamation, slander, breach of fiduciary duties, intentional infliction of emotional distress, prima facie tort, and negligence based on New York law, I recommend that these claims also be dismissed. "In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106 (GLS/DRH), 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)). When all federal claims have been eliminated before trial, the balance of factors in deciding whether to exercise jurisdiction

over remaining state law claims leans toward dismissal. *Id.* However, a court may choose to exercise jurisdiction if a state law claim raises an important question of federal policy. *Butler*, 2010 WL 3907258, at *3 (citing *Kolari*, 455 F.3d at 122-23). Here, Plaintiff has failed to establish a federal claim or an important issue of federal policy. Thus, in light of my recommendation that the Court dismiss Plaintiff's alleged § 1983 and *Bivens* claims, I recommend that the Court decline to exercise pendant jurisdiction over Plaintiff's alleged state law claims.

The Court notes that generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint once before the complaint is dismissed. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original complaint.[2] Here, the flaws in Plaintiff's complaint are substantive in nature such that better pleading would not cure them. As a result, it would be futile to afford Plaintiff an opportunity to amend his complaint. Accordingly, the Court recommends that no opportunity to amend the complaint be provided to Plaintiff.

## II.   Renewed application to proceed *in forma pauperis*

Plaintiff filed a renewed application to proceed *in forma pauperis*. Dkt. No. 13. In light of the Court's recommendations that the complaint be dismissed with prejudice and that no opportunity to amend the complaint be provided to Plaintiff, the Court recommends that the application be denied as moot. *See* 28 U.S.C. § 1915(e) (establishing the court's responsibility to determine that a complaint

---

[2] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted), *cert. denied*, 503 U.S. 960 (1992).

may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the complaint be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**RECOMMENDED**, that no opportunity to amend the complaint be provided to Plaintiff; and it is further

**RECOMMENDED**, that the renewed *in forma pauperis* application (Dkt. No. 13) be DENIED as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff by regular and certified mail along with a copy of the electronically-available-only decision cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 3, 2011
       Syracuse, New York

George H. Lowe
United States Magistrate Judge