UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

XIANG LI,

        Plaintiff,

  -against-            5:10-CV-0804 (LEK/GHL)

MICHAEL SEAN WEINSTOCK;
WONG, WONG AND ASSOCIATES
PC,

        Defendants.

## **DECISION AND ORDER**

  This matter comes before the Court following a Report-Recommendation filed on May 4, 2011, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 14).  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Xiang Li ("Plaintiff"), which were filed on May 13, 2011, and May 19, 2011.  Objections (Dkt. No. 15); Supplemental Objections (Dkt. No. 16).

  The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." <u>Farid v. Bouey</u>, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting <u>McAllan v. Von Essen</u>, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at

\*2-3 (N.D.N.Y. Sept. 22, 1997).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff appears to rest his Objections on two main arguments.  First, he claims that Defendant Michael Sean Weinstock ("Defendant Weinstock") "was not functioning as a counsel at all before and during trial."  Pl.'s Obj. at 1.  Second, Plaintiff argues that Defendant Weinstock, though a privately retained attorney, may nonetheless be held liable as a state actor under 28 U.S.C. § 1983.  Id. at 2.  For the reasons given below, the Court rejects both of these contentions.

Plaintiff's first objection does nothing more than reiterate his original assertions in his Complaint - namely, that Defendant Weinstock performed poorly as his defense counsel.  Accordingly, the Court has reviewed only for clear error the portions of the Report-Recommendation to which this argument refers, and finds no such error here.  See Farid, 554 F. Supp. 2d at 307.  Nowhere in the record does Plaintiff allege that Defendant Weinstock and the government "'carried out a deliberate, previously agreed upon plan,' or that their conduct 'constitute[d] a conspiracy or meeting of the minds.'"  Johnson v. City of New York, 669 F. Supp. 2d 444, 450-51 (S.D.N.Y. 2009) (quoting Dahlberg. v. Becker, 748 F.2d 85, 93 (2d Cir. 1984)).  The Court thus finds no clear error in the Report-Recommendation.

Reviewing *de novo* Plaintiff's argument that Defendant Weinstock may be liable as a state actor despite his status as a private attorney, the Court finds that this objection has no merit.  In his Objections, Plaintiff states that both the Supreme Court and Second Circuit have held "only" that public defenders and court-appointed attorneys do not act under color of state law when performing traditional functions of counsel for defendants.  Pl.'s Obj. at 2 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997)).  While Plaintiff

appears to suggest that these decisions are therefore inapplicable to privately retained attorneys, the Court considers that if appointment by the state is insufficient to render an attorney a state actor under § 1983, by extension, the nexus between a privately retained attorney and the state is even more tenuous. See Krug v. McNally, 488 F. Supp. 2d 198, 200 (N.D.N.Y. 2007) (Kahn, J.) (finding no § 1983 liability where "[d]efendants are clearly private attorneys, who served as privately-retained defense counsel."). Plaintiff's argument that Defendant Weinstock is a state actor by virtue of being licensed to practice by the State of New York also patently fails: If a license to practice law were sufficient to render an attorney a state actor, any attorney could be found liable under § 1983 and such a result would plainly contradict the cases cited above. Id. (citing Polk County, 454 U.S. at 324-25; Weprin, 116 F.3d at 65-66; Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994)).

Plaintiff has also filed Supplemental Objections in support of his contention that Defendant Weinstock – as well as his employer, Defendant Wong, Wong, and Associates – are state actors under § 1983. Pl.'s Supp. Obj. Specifically, he argues in his Supplemental Objections that their actions are attributable to the State because Plaintiff and his family complained to the trial court on multiple occasions about his counsel's performance, and the court notified Defendants of these complaints. Id. at 1-2. Though Plaintiff does little here but reiterate the allegations in his Complaint, even reviewing the relevant portions of the Report-Recommendation *de novo*, the Court finds that Plaintiff's factual allegations in his Supplemental Objections do not suggest any deliberate plan or conspiracy between Defendants and the state. See Johnson, 669 F. Supp. 2d at 450-51. Defendants are not state actors subject to § 1983 liability, and Plaintiff's Complaint thus fails to state a claim upon which relief can be granted.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**ORDERED**, that no opportunity to amend the Complaint is provided to Plaintiff; and it is further

**ORDERED**, that Plaintiff's renewed Application to proceed *in forma pauperis* (Dkt. No. 13) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular and certified mail, along with a copy of the decision available only electronically and cited herein.

**IT IS SO ORDERED.**

DATED:    June 16, 2011
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge